UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>v.<br><br>JAIME RENE GUERRERO,<br><br>                            Defendant. | Case No.:  12cr3317-MMA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**<br><br>[Doc. No. 45] |

On September 18, 2012, Defendant Jaime Rene Guerrero pleaded guilty to a single count of conspiracy to distribute methamphetamine, in violation of Title 21 of the United States Code, sections 841(a)(1) and 846.  *See* Doc. No. 27.  The Court sentenced Defendant to an 87 month term of imprisonment, to be followed by a five year term of supervised release.  *See* Doc. No. 44.  Defendant, proceeding through counsel, now moves the Court for a reduction in sentence pursuant to Title 18, section 3582(c)(2), based on Amendment 782 to the United States Sentencing Guidelines.  *See* Doc. No. 45.  The government has filed a response in opposition to Defendant's motion.  *See* Doc. No. 48.  For the reasons set forth below, the Court **DENIES** the motion.

## DISCUSSION

Amendment 782 to the United States Sentencing Guidelines ("USSG"), which became effective November 1, 2014, lowered the penalties for most drug offenses by reducing most base offense levels contained in the USSG § 2D1.1 Drug Quantity table by two levels, and making other related adjustments to this Guideline.  Along with

Amendment 782, the Sentencing Commission adopted Amendment 788, which decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates.  At issue in the instant motion is whether this Court has the authority to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

In order to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2) two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam).  A district court does not have jurisdiction to reduce a defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

Defendant was sentenced to 87 months for conspiracy to distribute approximately 175.3 grams of methamphetamine. *See Pre-Sentence Report*, Doc. No. 34 at 4 ("The entire conspiracy involved at least 175.3 grams of methamphetamine (actual)."). Defendant's base offense level was 34.  The Court granted the government's motion for a 3 level reduction under Section 3E1.1(b) of the Guidelines, based on Defendant's acceptance of responsibility, resulting in a total offense level of 31.  With a criminal history category of III, Defendant's guideline range was 135 to 168 months.  The Court, however, imposed a sentence of 87 months based on an additional downward variance for a "combination of circumstances," under Section 5K2.0 of the Guidelines. Under Amendment 782, Defendant's base offense level has been amended to 32.  With the adjustment under Section E1.1(b), Defendant's resulting total offense level is 29, and the amended guideline range is 108 to 135 months.  Section 1B1.10(b)(2)(A) of the Guidelines provides that the court may not reduce a defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range. *United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014); USSG § 1B1.10(b)(2)(A) ("Limitation.- Except as provided in subdivision (B), the court shall not reduce the defendant's term of

imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."). Defendant is already serving an 87 month sentence, a term substantially below the 108 month minimum of his amended guideline range. Generally, the Court cannot reduce a defendant's sentence to a term less than the low end of the amended guideline range based on a downward departure, except in the case of substantial assistance, which is not applicable in this case. USSG §1B1.10(b)(2)(B). Accordingly, the Court lacks the authority to further reduce Defendant's sentence.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's motion to reduce his sentence.

**IT IS SO ORDERED**.

DATE: November 14, 2016

_____
HON. MICHAEL M. ANELLO
United States District Judge